# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTY OF WORCESTER, SEPTEMBER TERM 1857, AT WORCESTER.

PRESENT :

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. BENJAMIN F. THOMAS,

---

## COMMONWEALTH *vs.* DAN REILY.

A complaint which avers that the defendant " at Blackstone in the county of Worcester did convey from place to place within said commonwealth intoxicating liquor," in violation of *St.* 1855, *c.* 215, § 20, does not sufficiently state the places from which and to which the liquor was conveyed.

COMPLAINT averring that the defendant, on the 13th of March 1856, " at Blackstone in the county of Worcester did convey from place to place within said commonwealth intoxicating liquor," in violation of *St.* 1855, *c.* 215, § 20, which provides for the punishment of " every person who shall bring into this state, or who shall convey from place to place within the same any spirituous or intoxicating liquor, with intent to sell the same," in violation of this act. The defendant, after

conviction in the court of common pleas, moved in arrest of judgment, because the complaint did not set out with sufficient certainty the places within the Commonwealth from which and to which the liquor was conveyed. *Mellen*, C. J. overruled the motion, and the defendant alleged exceptions.

*G. F. Verry*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BIGELOW, J. The complaint in the present case does not conform to the familiar rule of criminal pleading, which requires that all the essential elements which constitute the offence intended to be set out should be alleged with such certainty and precision, that the defendant may thereby know the criminal act with which he is charged. It does not allege from what place or to what place the liquor was conveyed ; whether from one place in a town or city to another place in the same town or city, or from one town or city to another. It does not describe the criminal transportation so as to identify it, nor does it show either directly or by necessary implication where any part of the act was committed. The only averment of place is the usual venue, necessary to give jurisdiction of the crime. If this form of complaint is valid, then it would be competent under it to prove any act of transportation of liquor contrary to the statute within the limits of the county. *Commonwealth* v. *Tolliver*, 8 Gray, 386, and cases cited. It is therefore clear that the averment in the complaint gives to the party charged no information of the particular act relied on by the prosecution and which he is to meet at the trial. It leaves it wholly indefinite. The act is one susceptible of a precise and accurate description, so that its identity can be fully understood, and there is no good reason for sanctioning any laxity of pleading in the mode of setting out the offence. It is not sufficient to set out the charge in the words of the statute. It is well settled that such description is insufficient, if it fails in the necessary certainty and precision required by the rules of pleading.

*Judgment arrested.*